295 So.2d 372 (1974)
Ernest LEVERETTE, Appellant,
v.
STATE of Florida, Appellee.
No. U-173.
District Court of Appeal of Florida, First District.
June 6, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Judge.
At the close of all the evidence in a criminal case, the defendant below, appellant here, requested that the court's instructions to the jury "be guided by the standard jury instructions." The court thereupon stated:
"On reasonable doubt and the general Charge dealing with the credibility of reconciling conflicts; the Court is of the opinion that the standard jury instructions are confusing, and the terminology is such that a layman cannot understand it, and the Court is hoping that in the event of a conviction, there is an appeal to the Appellate Court so that we can get a ruling on this subject."
The judge thereafter further stated:
"Now, Counsel for the Defense has indicated that you would like to go into the matter of settling the instructions before you argue the case to the jury, which should be done. Now, first, the Court stumbled through the standard jury instructions that were forced upon the Court by the Florida Supreme Court yesterday. The instructions start out in the introduction by saying they may be used by the trial judge unless the trial judge should determine that an applicable form of the instruction is erroneous or inadequate; the Court finds that the standard jury instructions are erroneous in dealing with reasonable doubt; they are argumentative; the instructions argue with themselves and leave doubt, themselves, in the juror's mind and are phrased in such terminology as to confuse the jury rather than to enlighten the jury. Now the Court is of the opinion that the instruction that the Court has been using for about twenty years dealing with reasonable doubt and general charges are far clearer in charging the jury as to the law and as to their duties. The standard jury instructions are far too voluminous and tend to confuse the jury, and being so, are repititious in emphasizing reasonable doubt. * * *"
In keeping with his ruling, the judge thoroughly instructed the jury but did not give the Florida Standard Jury Instructions.
Although we do not share the trial judge's disdain for the particular Florida Standard Jury Instruction here involved, *373 and would suggest that in the future the standard jury instruction be given, we nevertheless find from a careful examination of the entire record that the instruction given was adequate and was not erroneous nor harmful. As we stated in Frazier v. State, Fla.App. (1st) 1974, 294 So.2d 691, opinion filed May 7, 1974, factually similar to the case sub judice:
"* * * While we again suggest an adherence to the literal phraseology of the Standard Jury Instructions by the trial judges, instead of attempting to mold each instruction to fit exactly the pattern of the particular situation in the case being tried, the instruction was not erroneous or harmful. The defendant in a criminal case is entitled to a fair trial not a perfect one. The whole case, from beginning to end, including all the charges, was fairly and correctly tried. The charges, read each in relation to the others, and considered in the light of the evidence were not erroneous."
The Supreme Court of Florida has held that the failure to follow the Florida Standard Jury Instructions, as prescribed, is not necessarily reversible error. State v. Bryan, Sup.Ct.Fla. 1973, 287 So.2d 73. Indeed, the Supreme Court in its initial approval recognized that the forms do not relieve the trial judge of his responsibility under the law to properly and clearly charge the jury in the cases before him. (In Re Standard Jury Instructions in Criminal Cases, Sup.Ct.Fla. 1970, 240 So.2d 472) Our sister court of the Second District has held that it is not reversible error when the trial court gives an instruction "sufficiently close" to the standard jury instruction. (Dunlap v. State, Fla.App. (2d) 1971, 252 So.2d 292)
In State v. Bryan, supra, the Supreme Court said:
"It is apparent that the Supreme Court's approval of recommended committee instructions is not iron clad or carte blanche and must be applied in each instance as appropriate.
"By this Court's approval of the jury instructions for publication, it was not intended that they be iron clad, because we recognized the importance of the trial judge on the scene who has the `feel' of the case, the psychology of its movement through trial and what aspects appear from subtle inflections and overtones to be important in the jury's mind and for its decision. That is one of the reasons that a trial court's decision has historically had the presumption of correctness on appeal. These are matters, as we have repeatedly said, that are not apparent from the `cold record'. What is important is that sufficient instructions  not necessarily academically perfect ones  be given as adequate guidance to enable a jury to arrive at a verdict based upon the law as applied to the evidence before them. The evidence presented in particular cases will, of course, often vary what instructions apply, or whether certain instructions apply." (287 So.2d at page 75)
We reiterate for emphasis that we have again carefully examined the Standard Jury Instruction pertaining to presumption of innocence and reasonable doubt and find that in our view they correctly summarize the law of the State of Florida and should, in the absence of extraordinary circumstances, be given.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.