359 So.2d 557 (1978)
Isiah T. MOODY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-678.
District Court of Appeal of Florida, Fourth District.
June 7, 1978.
*558 Thomas A. Bratten of Bratten & Harris, P.A., West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant's sole basis for appealing the judgment of conviction and sentence on charges of possession and sale of heroin is the failure of the trial court to instruct the jury regarding the fourth and last paragraph of Fla.Std.Jury Instr. (Crim.) 2.11(e) (Entrapment).[1]
We must determine the answers to three questions: (1) whether the standard jury instruction accurately states the burden of proof with respect to the defense of entrapment  i.e., when there is any evidence of entrapment adduced by the defendant or inherent in the State's case, must the State then prove beyond a reasonable doubt the absence of entrapment?; (2) whether it is error to fail to instruct the jury regarding the State's burden of proof; and (3) whether *559 any such error can be considered harmless when viewed in the light of the facts in this case?
This is basically a one-on-one case in which appellant's guilt was determined by the testimony of an undercover narcotics agent and the appellant. The undisputed facts are that the agent and a confidential informant (CI) who was a cousin of appellant, approached appellant at his home in an effort to purchase heroin. Appellant was a known `user' who had been in a drug rehabilitation program for somewhat over one month. The CI, who did not testify, went into the house and was told by appellant to return in approximately twenty minutes. Upon returning, the CI, who was known to appellant to have a drug habit, was allegedly holding his stomach and appeared to be sweating and suffering from cold spells and nausea. Appellant testified that he believed the agent to be his cousin's (CI) girl friend and that she also stated that she was sick. Because appellant had no drugs in his home, the trio (appellant, agent and CI) proceeded to five different locations before appellant was successful in making a purchase with money provided by the agent. Appellant also testified that he had no intention to purchase drugs (although he retained part of the purchase), and would not have done so if it had not been for his cousin and that he felt sorry for him.
The burden of proof in entrapment cases has been a troublesome area and the principles involved vary depending upon the jurisdiction. The Florida courts do not appear to have addressed the issue directly although two have indicated that the burden of adducing evidence is on the defendant. Evenson v. State, 277 So.2d 587, 591 (Fla. 4th DCA 1973); Koptyra v. State, 172 So.2d 628, 632 (Fla. 2d DCA 1965). In Koptyra, however, the court indicates that the defendant will not have the initial burden of adducing evidence if "... the facts relied on otherwise appear in evidence to such an extent as to raise in the minds of the jury a reasonable doubt of guilt." At 632. While these cases may lack clarity in dealing with the burdens of proof they are consistent with each other and are not inconsistent with Fla.Std.Jury Instr. (Crim.) 2.11(e). They indicate that an accused has the initial burden of adducing evidence on the defense of entrapment, and after such evidence has been adduced, the burden shifts to the State to prove, by some standard, that the defendant was not entrapped. See Dupuy v. State, 141 So.2d 825 (Fla. 3d DCA 1962) where, at 827 the Court stated:
"... it would seem that in a case where the defense of entrapment is raised it is incumbent upon the state to make a showing amounting to more than mere surmise and speculation that the intent to commit crime originated in the mind of the accused and not in the minds of the officers of the government." (emphasis added).
This Court, in Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978) stated:
"Once the evidence is introduced which suggests the possibility of entrapment, the State must prove that the defendant was predisposed to commit the offense charged."
An early approach to the problem by the federal courts is found in United States v. Sherman, 200 F.2d 880 (2d Cir.1952) where, at 882, Judge Learned Hand stated:
"[I]n such cases two questions of fact arise: (1) did the agent induce the accused to commit the offense charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offense. On the first question the accused has the burden; on the second the prosecution has it."
Later the First Circuit held that the accused was required to establish inducement by a preponderance of the evidence, after which the government was required to prove beyond a reasonable doubt that the accused was not entrapped. Gorin v. United States, 313 F.2d 641 (1st Cir.), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963). The government's burden can be carried by proof of defendant's prior *560 criminal activities, his reputation for such activities, reasonable suspicion of his involvement in such activities, or his ready acquiescence in commission of the crime. Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978).
Most federal courts have adopted the view that once the defendant has adduced any evidence of entrapment the burden shifts to the government to prove beyond a reasonable doubt that the defendant was not entrapped. United States v. Tate, 554 F.2d 1341 (5th Cir.1977); Notaro v. United States, 363 F.2d 169 (9th Cir.1966); Kadis v. United States, 373 F.2d 370 (1st Cir.1967); United States v. Harrell, 436 F.2d 606 (5th Cir.1970).
The federal view of the burden of proof on entrapment is not binding on the States because it is not based on any constitutional requirement. State v. Brown, 287 A.2d 400 (Del.Super. 1972). Thus, California requires by statute that the defendant prove entrapment by a preponderance of the evidence. See, People v. Moran, 1 Cal.3d 755, 83 Cal. Rptr. 411, 463 P.2d 763 (1970). Many states require the defendant to prove entrapment by a preponderance of the evidence before requiring the state to disprove entrapment beyond a reasonable doubt. State v. Grilli, 304 Minn. 80, 230 N.W.2d 445 (1975); State v. Amundson, 69 Wis.2d 554, 230 N.W.2d 775 (1975); Commonwealth v. Miller, 361 Mass. 644, 282 N.E.2d 394 (1972). Others adhere to the typical view that a defendant has the burden of proving all affirmative defenses such as self-defense and entrapment by a preponderance of the evidence without placing any burden at all upon the state. Commonwealth v. Wilkes, 414 Pa. 246, 199 A.2d 411 (1964), cert. den. 379 U.S. 939, 85 S.Ct. 344, 13 L.Ed.2d 349 (1969); State v. Rogers, 43 Ohio St.2d 28, 330 N.E.2d 674 (1975). The freedom of the states in this regard is illustrated in Patterson v. New York, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977) where the Court said:
"We thus decline to adopt as a constitutional imperative, operative country-wide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused... . Proof of the nonexistence of all affirmative defenses has never been constitutionally required... ."
Nevertheless, in view of the approval by the Florida Supreme Court of Fla.Std. Jury Instr. (Crim.) 2.11(e), we are persuaded by, and adopt, the federal view that (1) the defendant has the burden of adducing any evidence of entrapment; (2) the trial court determines the sufficiency of the evidence of entrapment; (3) if the evidence of entrapment is sufficient the jury must be instructed that the state has the burden of disproving entrapment beyond a reasonable doubt; and (4) the jury should never be instructed on the defendant's burden of adducing evidence. See, Tate, supra; United States v. Braver, 450 F.2d 799 (2d Cir.1971); United States v. Martinez-Carcano, 557 F.2d 966 (2d Cir.1977).
We therefore answer the first two questions presented to us in the affirmative. The state has the burden of proving beyond a reasonable doubt that the defendant was not entrapped when there is sufficient evidence of entrapment and the failure to instruct the jury on the state's burden is error.
We turn now to the third question. A trial judge should generally adhere to the Standard Jury Instructions; however, he is not relieved from his obligation to determine whether the standard instructions accurately and adequately state the relevant law. When they do they should be given in the absence of extraordinary circumstances. Leverette v. State, 295 So.2d 372 (Fla. 1st DCA 1974). If it becomes necessary to depart from the Standard Jury Instructions it is mandatory that the trial judge "state on the record or in a separate order the respect in which he finds the standard form erroneous or inadequate and the legal basis of his finding." Fla.R.Crim.P. 3.985; see also, Appell v. State, 250 So.2d 318 (Fla. 4th DCA 1971). There was no compliance with this requirement in the case sub judice.
*561 In lieu of charging the jury on the state's burden of proof regarding entrapment the trial judge substituted the following:
"If you find the State did entrap the Defendant into committing the crime, then you should find him not guilty."
The giving of this instruction without also instructing on the State's burden could well have left the jury with the impression that it was incumbent upon the appellant to prove his innocence. Appellee would justify this instruction by arguing that all instructions must be considered in their entirety and that the jury was clearly instructed that each essential element of the crime must be proved beyond a reasonable doubt. Further, complete instructions were given on the presumption of innocence and reasonable doubt. In effect, the jury was told that the state must prove the essential elements of the crime beyond a reasonable doubt but the appellant must prove entrapment. Such is not the law.
We do not say that the failure to give the complete standard instruction on entrapment will always result in prejudicial error. In the case sub judice, however, where the record presents a close question on the issue of entrapment, we are of the view that it was prejudicial error not to instruct the jury that the burden was on the state to prove beyond a reasonable doubt that appellant was not entrapped. United States v. Landry, 257 F.2d 425 (7th Cir.1958).
Accordingly, the appellant is entitled to a new trial and this cause is therefore REVERSED and REMANDED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Fla.Std.Jury Instr. (Crim.) 2.11(e) (Entrapment):

"(e) Entrapment
One of the defenses asserted in this case is that the defendant was a victim of what is known as entrapment.
One who, for the purpose of prosecution, is persuaded, induced or lured by an officer of the law or someone acting for him, into the commission of a crime which he had otherwise no intention to commit, may avail himself of the defense of entrapment and should not be convicted. However, that defense is not available if the officer acted in good faith for the purpose of detecting crime and merely furnished an opportunity for commission thereof by one who already had the intent to commit the crime.
It is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that he was decoyed or solicited by persons seeking to expose the criminal, or that law enforcement officers pretending participation in the act were present and apparently assisting in its commission.
The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so you should find the defendant not guilty."