373 So.2d 382 (1979)
Jessie DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-1700.
District Court of Appeal of Florida, Fourth District.
July 18, 1979.
*383 David M. Porter, Public Defender, Titusville, and Joan H. Bickerstaff, Asst. Public Defender, Cocoa Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant seeks reversal of a conviction and sentence for the crime of burglary because the trial court deviated from the Florida Standard Jury Instructions in Criminal Cases. Finding that the instructions as utilized by the trial court, on the whole, were clear, comprehensive, and sufficient under the law applicable to the case, we affirm. Fulton v. State, 352 So.2d 581 (Fla. 3rd DCA 1977), Yost v. State, 243 So.2d 469 (Fla. 3rd DCA 1971), Darty v. State, 161 So.2d 864 (Fla. 2nd DCA 1964).
Notwithstanding our affirmance of appellant's conviction, we feel compelled to comment upon the trial court's wholesale deviation from the Florida Standard Jury Instructions in Criminal Cases as approved by the Supreme Court in In re: Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla. 1976). In Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978), we stated:
"A trial judge should generally adhere to the Standard Jury Instructions; however, he is not relieved from his obligation to determine whether the standard instructions accurately and adequately state the relevant law. When they do, they should be given in the absence of extraordinary circumstances. Leverette v. State, 295 So.2d 372 (Fla. 1st DCA 1974). If it becomes necessary to depart from the Standard Jury Instructions it is mandatory that the trial judge `state on the record or in a separate order the respect in which he finds the standard form erroneous or inadequate and the legal basis of his finding.' Fla.R.Crim.P. 3.985; see also Appell v. State, 250 So.2d 318 (Fla. 4th DCA 1971)."
During the week before trial, the trial court provided counsel for the State and the appellant with copies of his proposed jury instructions. In a rather lengthy discussion with counsel during his charge conference, the judge explained his intention to depart from the Standard Jury Instructions. It would serve no useful purpose to offer a verbatim repetition of those comments herein, and would only serve to unduly lengthen this opinion. Suffice to say, the trial judge developed the proposed instructions in connection with a "Judge and Jury Communication Project" conducted by himself and another at Florida Technological University. This was a Law Enforcement Assistance Administration funded project which determined that the level of comprehension by Florida jurors of the Standard Jury Instructions for burglary cases was approximately 70%. In an effort to raise the level of comprehension with language common to all people and not just lawyers, and provide the jury with developmental methods for resolving cases in deciding on verdicts, the proposed instructions were prepared. It was the trial court's opinion that the Standard Jury Instructions were inadequate and he therefore utilized those instructions produced as a result of the research project, in order to adequately apprise the jury of its task. Counsel for the appellant commendably admitted that the proposed instructions were adequate under the law applicable to the case, notwithstanding his objection to the failure of the court to follow the standard instructions. In full recognition and appreciation of the progressive and dedicated manner in which the research project was conducted, we also must object. Trial judges should be discouraged from robot-like approaches to the trial of criminal cases, and we appreciate the innovativeness, creativity and ingenuity of the trial judge below for attempting something new in the interest of providing a more communicative method of arriving at the justice of a cause. Nevertheless, we feel the Supreme Court's Continuing Committee on Standard Jury Instructions in Criminal Cases is the more appropriate forum within which to seek extensive revision of the Standard Instructions. See IN RE: Standard Jury Instructions in Criminal Cases, supra.
*384 We recognize also the continuing responsibility of the trial court to properly and correctly charge the jury in each case. In our opinion, that was done in the instant case.
Having considered appellant's other point on appeal to be without merit, we, accordingly, affirm the judgment of conviction and sentence.
AFFIRMED.
LETTS, J., and MIETTE K. BURNSTEIN, Associate Judge, concur.