425 So.2d 109 (1982)
Dale WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. AI-298.
District Court of Appeal of Florida, First District.
December 28, 1982.
Rehearing Denied February 2, 1983.
*110 William K. Jennings of Jennings & Harrell, Fort Walton Beach, for appellant.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This appeal is from judgments and sentences adjudging appellant guilty of trafficking in methaqualone, possession of a firearm during the commission of a felony and three counts of sale or delivery of cannabis. Appellant has raised eight points on appeal. We reverse on Points I, III and IV and find no reversible error in the remainder.
Appellant raised the defense of entrapment to the charges. Under Point I, he contends that certain comments by the prosecuting attorney during closing argument were not supported by the evidence and were prejudicial; that the trial court committed reversible error in overruling his objection to them and in failing to grant his motion for mistrial. The comments were as follows:
Ladies and gentlemen, these officers were acting in nothing but good faith. They know there are drugs out there. It's all over the place. It's in the school yard, it's in the playground, it's in the homes  it doesn't matter whether you or [sic] rich or poor, the drugs are out there. These officers know there is only one way to stop it and that is to go after the dealer. Ladies and gentlemen, Mr. Dale Wheeler is one of these people. He is one of these dealers. He is supplying the drugs that eventually get to the school yards and eventually get to the school grounds and eventually get into your own homes. He is one of the people who is supplying this. For him and people just like him ____
There was no support in the record for such comments. The evidence did not show that drugs sold by the defendant eventually got to school grounds and "into your own homes." The prosecutor's statements to that effect, however, could have lead the jury to believe that the prosecutor had information outside the record that the drugs sold by the defendant were destined to the places mentioned. The reference to the jurors' homes is in the nature of a *111 "golden rule" argument. While we realize that the prevalence of illegal drugs could be considered a matter of common knowledge, and not improperly the subject of prosecutorial comment, the specificity of the prosecutor's remarks here goes beyond general comment and, being outside the record, was clearly prejudicial to appellant in the eyes of the jury. The court's overruling of the objection compounded the prejudice. Compare Reed v. State, 333 So.2d 524 (Fla. 1st DCA 1976); McMillian v. State, 409 So.2d 197 (Fla. 3rd DCA 1982); and Glassman v. State, 377 So.2d 208 (Fla. 3rd DCA 1979). Appellant's motion for mistrial should have been granted.
Within Point III, appellant raises several points, only one of which we find to constitute reversible error. In his final argument to the jury, appellant's counsel said:
The State has to prove beyond a reasonable doubt that the defendant was not entrapped. That is a heavy burden. Did the State prove that Dale was not entrapped? You think about that. That was their job. Did they carry their burden?
The prosecuting attorney objected to the foregoing statements and said, "I think that will be a misstatement of the law as the jury instructions give it." The court then ruled as follows:
The Court is going to sustain the objection. I don't think, Mr. Lindsay, that there is a statement in my proposed charge on entrapment requiring the State to prove that the defendant was not entrapped.
Appellant's counsel, Mr. Lindsay, responded:
Your Honor, that comes from the fact that the State has to prove their case beyond a reasonable doubt.
The judge responded:
Yes, sir, but they don't have to disprove an affirmative defense.
The trial court's ruling was in error. The state has the burden of proving the defendant guilty to the exclusion of and beyond every reasonable doubt. The defendant has no burden of proof. We agree with the law on this subject in relation to entrapment as stated in Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978), adopting the federal rule as follows:
(1) [T]he defendant has the burden of adducing any evidence of entrapment; (2) the trial court determines the sufficiency of the evidence of entrapment; (3) if the evidence of entrapment is sufficient the jury must be instructed that the state has the burden of disproving entrapment beyond a reasonable doubt; and (4) the jury should never be instructed on the defendant's burden of adducing evidence.
We recognize that the Fourth District Court of Appeal in Moody prefaced its adoption of the federal rule upon Florida Standard Jury Instruction (criminal) 2.11(e) which has been rewritten and changed to Instruction 3.04(c), and we further recognize that in such rewrite, that portion of the instruction which was under consideration in Moody has been deleted.[1] As applied to the question here before us, we attach no significance to the change in the instruction as we believe the intent of the deletion was not to change the law stated in Moody but was to merely avoid undue emphasis as to the state's burden of proof. The trial court's previously quoted statement misled the jury to believe the state has no burden of proof in relation to an entrapment defense.
Under Point IV, appellant contends that the judgment, conviction and sentence for use of a firearm or the carrying of a concealed firearm during the course of a felony must be reversed because that crime depends on the validity of a conviction for an underlying felony. Since we must reverse the underlying felony convictions, we must also reverse the firearm conviction.
*112 We certify to the Supreme Court of Florida under Article V, Section 3(b)(4), of the Constitution of the State of Florida that the following question which we have passed upon in this case is of great public importance:
When the defendant in a criminal case raises the defense of entrapment, where does the burden of proof lie?
Reversed and remanded for a new trial.
BOOTH, J., concurs.
WENTWORTH, J., concurs in part and dissents in part.
WENTWORTH, Judge, dissenting in part and concurring.
I agree with the opinion except with respect to comments in closing argument, which do not appear to me to compel mistrial.
NOTES
[1] That portion states as follows:

"The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so, you should find the defendant not guilty."