429 So.2d 378 (1983)
James Ray ROTENBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. AL-41.
District Court of Appeal of Florida, First District.
March 18, 1983.
Rehearing Denied April 21, 1983.
Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Rotenberry appeals from a judgment entered following his conviction, after trial by jury, of trafficking in cocaine, sale of cocaine, and possession of cocaine that concluded in appellant being sentenced to serve *379 five years on each of the three counts to run concurrently, and pay a fine of $50,000. The court denied appellant's motion to vacate the sentence or set aside the adjudication of guilt as to the sale and possession charges on the ground that Section 775.021(4) precludes multiple sentencing on lesser included offenses committed during the same criminal episode. We affirm in part and reverse in part.
In pursuit of making a drug bust, officers in the Pensacola Police Department devised a scheme to purchase marijuana from certain dealers in the area with the ultimate goal of breaking up one of several drug rings in the city. The police made one contact, who in turn sought assistance in acquiring the marijuana from other of his friends who might have access to the drug. Appellant was called, not by law enforcement agents but by a friend several times removed from the authorities.
When first approached about the sale of drugs, Rotenberry declined saying that he had none to sell. Later, he agreed to make available cocaine although it was acknowledged that Rotenberry's friend had never purchased that drug from appellant before and would not have purchased the cocaine this time but for the pressure the contact received from his friend who was being pressed by the police. Following delivery of the cocaine and transfer of the money, appellant was arrested and later faced testimony at his trial by the several contacts who were also involved in the drug transaction.
Appellant, at trial, raised the affirmative defense of entrapment and now asserts that the trial court erred in not granting his motion for judgment of acquittal as the state failed to show that he had a predisposition to commit the offenses. Next, appellant seeks review of the trial court's denial of his requested instruction on entrapment. Finally, he seeks reversal of the trial court's denial of his motion to vacate the sentences on the two lesser included offenses committed during the criminal episode, i.e., the sale of cocaine and possession of cocaine.
The first issue narrows our review to whether the state failed to show beyond a reasonable doubt that Rotenberry had a predisposition to possess, sell, and otherwise traffic in drugs, more particularly cocaine. Otherwise stated, appellant's contention is that once a defendant has presented evidence of entrapment, the burden then shifts to the state to prove beyond a reasonable doubt that the defendant was not entrapped. This Court has previously adopted that position in Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982), which accords with Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978). However, in Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978), the court recognized that "the predisposition of the defendant to commit a crime can be inferred from the defendant's readiness or willingness to commit it." The court further held there that "this willingness to commit the offense can be evinced from the defendant's ready acquiescence in the criminal scheme." Id. at 1215.
Appellant was unpersuasive with the jury, the trial court and now this Court that he was a victim of "undue pressure" which constituted the entrapment. It clearly appears from the evidence that Rotenberry had possessed illegal drugs in the past; that he was a willing participant in the drug transaction; that at no time did he object to the planned criminal activities; and that it was his friend, not law enforcement officers, who lured him into the "deal." Appellant's predisposition and promptness were sufficiently demonstrated and sufficiently proven in fact and law such to defeat the defense of entrapment.
A review of the record reveals that the trial court did not err in denying appellant's specially requested instruction on entrapment, which was:
The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so you should find the defendant not guilty.
This instruction was taken from the former entrapment instruction, 2.11(e), found in Florida Standard Jury Instructions in Criminal *380 Cases, Second Edition, which were superseded by the 1981 Edition. As discussed in Wheeler, Instruction 2.11(e) as rewritten and changed in the 1981 Edition to Instruction 3.04(c), standing alone, may be inadequate in light of the Moody requirements of proof. However, we find that the trial court did give Instruction 3.04(c), including the last sentence thereof set forth as follows:
If you find from the evidence that the defendant was entrapped, or if the evidence raises a reasonable doubt about the defendant's guilt, you should find him not guilty.
The court also instructed the jury on the general reasonable doubt subject and told them that "the defendant is not required to prove anything." Considering the totality of the instructions given relating to entrapment, reasonable doubt, and the state's burden of proof, it is our conclusion that the requirements of Moody were adequately met.
In Wheeler, this Court certified the following to the Supreme Court of Florida as a question of great public importance: "When the defendant in a criminal case raises the defense of entrapment, where does the burden of proof lie?" We endorse that certification and also certify the following question which we have passed upon in this case as one of great public importance:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(c) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
We agree with appellant on his final challenge that the offenses of possession of cocaine in violation of Section 893.13(1)(e) and the sale of cocaine under Section 893.13(1)(a) are lesser included offenses to the charge of trafficking in cocaine in violation of Section 893.135(1)(b). Consequently, pursuant to Section 775.021(4),[1] Rotenberry should not have been sentenced separately and the sentences for the two lesser included offenses should be vacated. Only the sentence for the more serious offense  trafficking  can stand. See Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982).
Accordingly, the sentences for sale and possession of cocaine are vacated. We affirm the conviction and the sentence for trafficking in cocaine.
AFFIRMED IN PART AND VACATED IN PART.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.