DELL, Judge.
George Warren McCray appeals from his convictions and sentences for trafficking in cocaine, possession of cocaine and sale of cocaine.
The State charged that appellant sold just under one ounce of cocaine on February 1,1980 to undercover West Palm Beach Police Officer Tony Lutz and then trafficked in cocaine by selling an additional five ounces to Lutz on February 8, 1980. The possession charge resulted from the discovery of a quantity of cocaine in appellant’s car after the police seized the car and inventoried the contents in contemplation of forfeiture proceedings. A jury found appellant guilty as charged on all three counts and the court sentenced him to concurrent prison sentences of seven years with a three year mandatory minimum on the cocaine trafficking charge, seven years on the cocaine sale charge and five years on the cocaine possession charge.
Appellant brings six points of alleged error by the trial court: the refusal to give a requested entrapment instruction, the refusal to suppress the evidence found during an inventory search of appellant’s car, the admission of testimony concerning physical evidence which the court had previously ruled inadmissible because of a discovery violation, the refusal to strike a portion of Officer Lutz’s testimony, the admission of allegedly inaudible tapes, and the exclusion of the post-arrest portion of one tape. We have carefully reviewed the record and conclude that none of the points raised by appellant require reversal but two merit further discussion.
Appellant contends that the trial court erred in refusing to instruct the jury that the State had to prove beyond a reasonable doubt that he was not entrapped. The trial court gave the standard jury instruction on entrapment as set forth in Instruction 3.04(c) of the Florida Standard Jury Instructions in Criminal Cases (1981 Edition).
The Court in Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982) recognized that the standard jury instruction on entrapment has been rewritten since this Court decided Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978). Moody held that:
(1) the defendant has the burden of adducing any evidence of entrapment; (2) the trial court determines the sufficiency of the evidence of entrapment; (3) if the evidence of entrapment is sufficient the jury must be instructed that the state has the burden of disproving entrapment beyond a reasonable doubt; and (4) the jury should never be instructed on the defendant’s burden of adducing evidence.
Id. at 560.
We conclude, as the Court did in Wheeler, supra, and most recently in Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983), that the present Standard Jury Instruction on entrapment, when considered in conjunction with the instructions given on reasonable doubt and the State’s burden of proof, meets the Moody, supra, requirements. We join with the First District Court of Appeal in certifying the following question as one of great public importance:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(c) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
Rotenberry, 429 So.2d 378.
We find merit in appellant’s contention that the trial court should not have *7 allowed testimony concerning a cocaine test kit after the trial court refused to admit the test kit into evidence because of a discovery violation. We see no difference between evidence suppressed because of an illegal search and seizure and that excluded because of a discovery violation. Once a court excludes evidence for either reason, the court should not allow testimony describing or relating to the excluded physical evidence. However, in the case sub judice, we hold that the admission of testimony related to the test kit constituted harmless error because the State presented sufficient other evidence to sustain appellant’s conviction. Accordingly, we affirm the convictions and sentences below.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.