ERVIN, Chief Judge.
Appellants contend, inter alia, that the trial court erred in refusing to instruct the jury that the state was required to prove beyond a reasonable doubt that appellants were not entrapped as their affirmative defense suggested. The record shows that the trial court gave standard jury instructions on entrapment, reasonable doubt, the state’s burden of proof and the fact that defendants were not required to prove anything. As this court recently recognized in Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983) (discretionary review accepted and currently pend *1049 ing), the totality of those instructions is sufficient to satisfy prior case law requiring that the state disprove entrapment beyond a reasonable doubt.
Appellants contend Rotenberry is inapplicable to the case at bar because the trial court, in giving the standard jury instruction on entrapment, inadvertently substituted the word “weren’t” for “were”. Such error, they contend, is fundamental and requires reversal. We disagree.
The record shows no contemporaneous objection to the misstated instruction at the time it was given or at the close of the jury charge. In fact, it appears that defense counsel failed to even discover the discrepancy until they were preparing their reply briefs for submission to this court. “At trial, objecting to erroneous instructions is the responsibility of a defendant’s attorney, and the attorney’s failure to object to such instructions can properly constitute a waiver of any defects.” Ray v. State, 403 So.2d 956, 961 (Fla.1981). An exception exists where it is shown that the error complained of is fundamental, i.e., “error which goes to the foundation of the case or goes to the merits of the cause of action.” Id. at 960. This is not such error.
As was done in Rotenberry, we again certify the following question to the Supreme Court of Florida as being of great public importance:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(c) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM
OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
Accord McCray v. State, 433 So.2d 5 (Fla. 4th DCA 1983).
Having fully considered all other issues relating to appellants’ theory of entrapment and finding them to be without merit, we
AFFIRM.
BOOTH and ZEHMER, JJ., concur.