450 So.2d 898 (1984)
Tura YOHN, Appellant,
v.
STATE of Florida, Appellee.
No. AR-500.
District Court of Appeal of Florida, First District.
May 23, 1984.
*899 Robert B. Staats of Staats, Overstreet & White, Panama City, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Mrs. Yohn appeals her conviction and sentence for manslaughter. Appellant raises several points on appeal, one of which merits discussion. Appellant contends that the trial court erred in refusing to instruct the jury that the State had the burden of proving beyond a reasonable doubt that the defendant was sane. We conclude that the trial court did not err and affirm. Although we find that, considering all the instructions, the Standard Jury Instructions given were sufficient, we certify the question presented as one of great public importance.
Appellant was charged with first degree murder in the shooting death of a woman who was having an affair with appellant's husband. Appellant raised the defense of insanity. At trial, the expert testimony in regard to appellant's sanity at the time of the offense was conflicting. A psychiatrist and a psychologist testified for the defense that appellant was legally insane at the time of the shooting, but another psychiatrist testified for the State that appellant was legally sane at that time.
Appellant requested several special jury instructions relating to the defense of insanity.[1] These instructions, inter alia, *900 stated that the State had the burden of proving beyond a reasonable doubt that appellant was sane at the time of the incident. The trial court refused to give these instructions and instead gave the current Standard Jury Instructions relevant to this issue, including the instruction on insanity (Fla.Std.Jury Instr. (Crim) 3.04(b)) and the State's burden to prove guilt beyond a reasonable doubt (Fla.Std.Jury Instr. (Crim) 2.03)).[2]
Appellant's Requested Jury Instructions Nos. 8 and 11 appear to be correct statements of Florida law.[3] In Florida, all men are presumed sane, but where there is testimony of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors the presumption vanishes and the sanity of the accused must be proved by the prosecution as any other element of the offense, beyond a reasonable doubt. Holmes v. State, 374 So.2d 944 *901 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), rehearing denied, 448 U.S. 910, 100 S.Ct. 3057, 65 L.Ed.2d 1140 (1980). The refusal of a trial court to give a requested instruction is not error, however, when the instructions which are given, considered as a whole, correctly state the law and fairly present the theory of the requesting party to the jury. See Spanish v. State, 45 So.2d 753 (Fla. 1950); Scott v. State, 396 So.2d 271 (Fla. 3d DCA 1981).
The instant case is strikingly similar to Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983). Rotenberry involved the affirmative defense of entrapment which, procedurally, operates in a fashion similar to that of the affirmative defense of insanity. Rotenberry requested a special instruction on the issue of entrapment which stated that the State must prove beyond a reasonable doubt that the defendant was not entrapped. The trial court in Rotenberry refused to give the requested instruction, giving instead the Florida Standard Jury Instruction on entrapment as well as the Standard Jury Instruction concerning reasonable doubt and the State's burden of proof. This court found that, considering the totality of the instructions given, the instructions were adequate, but the question was also certified to the Florida Supreme Court as one of great public importance.
As in Rotenberry, we find that the instructions given in the instant case were adequate when all of the instructions given are considered as a whole. AFFIRMED.
We certify to the Florida Supreme Court the following question, passed upon in this case, as one of great public importance:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS SANE AT THE TIME OF THE OFFENSE WHEN THE DEFENSE OF INSANITY HAS BEEN RAISED, IS THE GIVING OF THE PRESENT INSANITY INSTRUCTION, AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(b), ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS SANE AT THE TIME OF THE OFFENSE?
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The record reveals the following instructions, inter alia, requested by appellant.

Appellant's requested jury instruction No. 8:
You are instructed that where the Defendant, as in the present case, raises the issue of insanity as a defense and presents evidence that at the time of the commission of the offense he was insane, there is no longer any presumption of sanity. In that instance the burden of proof shifts to the state of Florida and the state of Florida must prove, beyond a reasonable doubt, that the Defendant was sane at the time of the alleged offense. Thus, in the present case if the state of Florida fails to present evidence sufficient to convince you beyond a reasonable doubt that the Defendant was sane at the time of the alleged offense, that it will be your duty to return a verdict of not guilty by reason of insanity.
Appellant's requested jury instruction No. 9:
It is sufficient as a defense of insanity if the evidence raises in the minds of the jurors a reasonable doubt as to the sanity of the Defendant at the time of the alleged crime, and if therefore there is a reasonable doubt as to his sanity at that time, it is your duty to find him not guilty by reason of insanity.
Appellant's requested jury instruction No. 10:
There has been evidence as to the Defendant's mental condition at the time of the commission of the alleged offense. The jury may consider the testimony of a layman who has given his opinion as to the sanity or insanity of the Defendant, on the basis of the facts known to him.
Appellant's requested jury instruction No. 11:
INSANITY
One of the defenses asserted in this case is that the Defendant is not guilty by reason of insanity at the time of the alleged crime.
DEFINITION
The law does not hold a person criminally accountable for his conduct while insane, since an insane person is not capable of forming the intent essential to the commission of a crime. A person is sane and responsible for his crime if he has sufficient mental capacity when the crime is committed to understand what he is dong [sic] and to understand that his act is wrong. If at the time of an alleged crime a defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or, if he did understand it, was incapable of distinguishing that which is right from that which is wrong, he was legally insane and should be found not guilty by reason of insanity.
Insanity may be permanent, temporary or may come and go. It is for you to determine the question of the sanity of the Defendant at the time of the alleged commission of the crime.
2.08 PRESUMPTION
Until the contrary is shown by the evidence, the Defendant is presumed to be sane. However, if the evidence tends to raise a reasonable doubt as to his sanity, the presumption of sanity is overcome.
CONTINUING MEASURE OF INSANITY
Where insanity of a permanent type, or of a continuing nature, or possessed of the characteristics of a chronic disorder of the mind, as distinguished from temporary insanity, or disorders of the mind produced by violence or disease, is shown to have existed a short time prior to the commission of an alleged crime, it is presumed to continue up to the time of the commission of the alleged crime, unless this presumption is overcome by competent evidence.
If the evidence presented tends to raise a reasonable doubt as to the sanity of the Defendant at the time of the alleged offense, the State must prove beyond a reasonable doubt that the Defendant was legally sane at the time of the commission of the alleged offense.
[2] The trial court gave the following instructions, inter alia:

The defendant has entered a plea of not guilty. This means you must assume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the indictment, through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant's presumption of innocence, the State has the burden of proving the following two elements: (1) The crime with which the defendant is charged was committed; second, the defendant is the person who committed the crime. The defendant is not required to prove anything. Whenever the words reasonable doubt are used you must consider the following: A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if after considering, comparing and weighing all the evidence there is not an abiding conviction of guilt or if having a conviction it is one which is not stable, but one which waivers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial and to it alone that you are to look for that proof. A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflicts in the evidence, or the lack of evidence. If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty. It must be proved only to a reasonable certainty that the alleged crime was committed in Bay County.
In issue in this case is whether the defendant was legally insane when the crime was allegedly committed. You must assume that the defendant was sane unless the evidence causes you to have a reasonable doubt about her sanity. If the defendant was legally insane, she is not guilty. To find her legally insane, these three elements must be shown to the point you have a reasonable doubt about her sanity: (1) The defendant had a mental infirmity, defect, or disease; (2) This condition caused the defendant to lose her ability to understand or reason accurately; and (3) Because of the loss of these abilities the defendant (a) did not know what she was doing; or (b) did not know what would result from her actions; or (c) did not know it was wrong, although she knew what she was doing and its consequences.
In determining the issue of insanity, you may consider the testimony of experts and nonexpert witnesses. The question you must answer is not whether the defendant is legally insane today or has always been legally insane, but simply if the defendant was legally insane at the time the crime allegedly was committed. If your verdict is that the defendant is not guilty because of legally insane, [sic] that does not mean she will be released from custody. I can conduct additional proceedings to determine if she should be committed to a mental hospital or given other treatment. It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable or less reliable than other evidence.
[3] Appellant's requested jury instruction No. 11 recites the language of the former standard jury instruction on insanity, Instruction 2.11(b)-1, Florida Standard Jury Instructions in Criminal Cases (1975).