468 So.2d 978 (1985)
STATE of Florida, Petitioner,
v.
Dale WHEELER, Respondent.
No. 63346.
Supreme Court of Florida.
April 25, 1985.
*979 Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
William K. Jennings of Jennings and Harrell, Fort Walton Beach, Florida, for respondent.
EHRLICH, Justice.
This case is before the Court from the First District Court of Appeal, 425 So.2d 109 (Fla. 1st DCA 1982) on a question certified to be of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4). The district court reversed respondent's convictions on drug charges and we approve the district court decision.
Wheeler was arrested after a police informant set up a drug deal culminating in the sale of controlled substances to undercover agents. The trial testimony conflicted regarding the amount of persuasion the police informant used to induce Wheeler to sell the drugs. Wheeler raised the affirmative defense of entrapment. He was convicted of trafficking in methaqualone, possession of a firearm during commission of a felony, and three counts of sale or delivery of cannabis. The district court reversed on the basis of error at two points in closing arguments, and reversed the firearms conviction because of the reversal of the underlying felonies.
The question certified to this court was:
When the defendant in a criminal case raises the defense of entrapment, where does the burden of proof lie?
425 So.2d at 112.
The certified question arises as a result of an objection and the ensuing colloquy that was had in the jury's presence:
MR. LINDSAY [defense counsel]: ... . The State has to prove beyond a reasonable doubt that the defendant was not entrapped. That is a heavy burden. Did the State prove that Dale was not entrapped? That was their job. Did they carry their burden?
MR. GRINSTED [assistant state attorney]: Your Honor, I am going to object at this time. I think that will be a misstatement of the law as the jury instructions give it.
JUDGE: The Court is going to sustain the objection. I don't think, Mr. Lindsay, that there is a statement in my proposed charge on entrapment requiring the State to prove that the defendant was not entrapped.
MR. LINDSAY: Your Honor, that comes from the fact that the State has to prove their case beyond a reasonable doubt.

*980 JUDGE: Yes, sir, but they don't have to disapprove [sic] an affirmative defense.
.....
JUDGE: ... . Hold on just a minute, Mr. Lindsay, if you will. I hate to interrupt your closing argument, but the Court's proposed charges does [sic] not include any instruction to the effect that the State is required to prove the defendant was not entrapped.
The trial judge's proposed entrapment charge was based on Florida Standard Jury Instruction (Criminal) 3.04(c), and the record shows no substantive difference between the standard instruction and what was read to the jury. The state urges that when this court adopted instruction 3.04(c), In re Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594 (Fla. 1981), we altered the substantive law regarding entrapment. In rewriting the earlier jury instruction, 2.11(e), we deleted a clear statement of the burden of proof: "The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so, you should find the defendant not guilty."[1] The deletion, the state argues, has altered the burden of proof, so that now the defendant bears the burden of establishing entrapment as with other affirmative defenses. This is not the case. When we adopted the current standard jury instructions, we discussed those areas where substantive changes were made. 431 So.2d at 595-99. No mention was made of the entrapment instruction, indicating we did not intend to alter the status quo. The district court in the instant case correctly recognized our intent when it held "the intent of the deletion was not to change the law stated in Moody [Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978)] but was to merely avoid undue emphasis as to the state's burden of proof." Wheeler, 425 So.2d at 111.
The Moody case cited by the district court contains a clear statement of the burden of proof on both parties in an entrapment case:
(1) the defendant has the burden of adducing any evidence of entrapment; (2) the trial court determines the sufficiency of the evidence of entrapment; (3) if the evidence of entrapment is sufficient the jury must be instructed that the state has the burden of disproving entrapment beyond a reasonable doubt; and (4) the jury should never be instructed on the defendant's burden of adducing evidence.
359 So.2d at 560.
The Moody rule at first may seem unnecessarily complicated because of the shifting burden, but the complication is necessary to deal with the way in which entrapment is proved. While the entrapment defense originally was treated as any other affirmative defense, see, e.g., Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965), the development of the predisposition doctrine has altered this. As we held in our recent examination of entrapment, "[t]he essential element of the defense of entrapment is the absence of a predisposition of the defendant to commit the offense." State v. Dickinson, 370 So.2d 762, 763 (Fla. 1979). The burden with respect to predisposition lies with the state. "Once the evidence is introduced which suggests the possibility of entrapment, the State must prove that the defendant was predisposed to commit the offense charged." Story v. State, 355 So.2d 1213, 1215 (Fla. 4th DCA 1978). That the burden is on the state to prove predisposition is consistent with the United States Supreme Court's decisions on the subject. Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 *981 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).
We adopt the four-step procedure of Moody. The defendant has the initial burden of establishing a prima facie case of entrapment. The trial court determines the legal sufficiency of the evidence of entrapment. If the defendant has not made a prima facie case, the defense of entrapment does not go to the jury. If, however, a prima facie case is made, the issue of entrapment is submitted to the jury with appropriate instruction, Florida Standard Jury Instruction (Criminal) 3.04(c), but the jury is not instructed on the defendant's initial burden of establishing a prima facie case. The burden lies with the state to disprove entrapment, which is usually done by proving the predisposition of the defendant beyond a reasonable doubt. Story v. State. The state may prove predisposition by showing that the defendant had prior convictions or a reputation for engaging in similar illicit acts, by showing that the investigating officers had a reasonable suspicion that the defendant was engaging in such acts, or by showing the defendant's "ready acquiescence." Cruz v. State, 465 So.2d 516 (Fla. 1985); Story.
We answer the certified question as follows: When the defendant has adduced sufficient evidence to make a prima facie case of entrapment, the burden of proof regarding entrapment shifts entirely to the state. After the burden has shifted, no consideration of the defendant's initial burden is permissible.
Applying these principles to the instant fact situation, we find that the trial court was incorrect in its analysis of the law during the colloquy which interrupted defense counsel's closing argument. The exchange could only lead the jury to conclude that the state bore no burden of proof as to entrapment, which is clearly erroneous. We also find that the erroneous impression given to the jury was not corrected by the proper instruction on entrapment which was given, because, as we hold in Rotenberry v. State, 468 So.2d 971 (Fla. 1985), there exists a delicate balance between deemphasizing the state's burden of proof in the entrapment instruction and holding true to the doctrine that the state must disprove entrapment beyond a reasonable doubt. That balance was destroyed by the colloquy sub judice.
The second error raised by Wheeler relates to the prosecutor's improper comments during the state's closing argument:
Ladies and gentlemen, these officers were acting in nothing but good faith. They know there are drugs out there. It's all over the place. It's in the school yard, it's in the playground, it's in the homes  it doesn't matter whether you are rich or poor, the drugs are out there. These officers know there is only one way to stop it and that is to go after the dealer. Ladies and gentlemen, Mr. Dale Wheeler is one of these people. He is one of these dealers. He is supplying the drugs that eventually get to the school yards and eventually get to the school grounds and eventually get into your own homes. He is one of the people who is supplying this. For him and people just like him  [at this point defense counsel objected, asked for a curative instruction, and moved for mistrial, all of which was denied by the judge].
We agree with the district court that these comments violate the "golden rule" of prosecutorial argument, that the prosecutor cannot argue to the jury that they may well be victims of the defendant's criminal behavior if they fail to convict him. No evidence in the record supports a finding that the defendant ever sold any drugs which ended up on a school yard, or in the juror's homes, nor was there any evidence the defendant intended the drugs involved in the instant case to end up in juror's homes. Such an argument is highly prejudicial and an independent basis for reversing the convictions. Grant v. State, 194 So.2d 612 (Fla. 1967); Barnes v. State, 58 So.2d 157 (Fla. 1952); Stewart v. State, 51 So.2d 494 (Fla. 1951); Reed v. State, 333 So.2d 524 *982 (Fla. 1st DCA 1976) (prejudicial closing argument which included a strikingly similar "drugs in the schools" argument held to be reversible error).
The third point raised by Wheeler is that if his drug convictions are reversed, his conviction for possession of a firearm during commission of a felony must also be reversed. A conviction on this charge is parasitically linked to a conviction for the underlying felony. If the underlying felony conviction fails, so must the firearms conviction. Redondo v. State, 403 So.2d 954 (Fla. 1981).
Accordingly, we approve the district court decision and answer the certified question as stated above.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] The full text of both versions of the instruction can be found in Rotenberry v. State, 468 So.2d 971 (Fla. 1985). In Rotenberry we consider whether the new instruction, 3.04(c), is adequate in light of the burden of proof on the state.