PER CURIAM.
Petitioners seek consolidated review of a district court of appeal decision, Timmons v. State, 448 So.2d 1048 (Fla. 1st DCA 1984), certifying a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The certified question is:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(C) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
Timmons, 448 So.2d at 1049. We recently held that instruction 3.04(c) is adequate when combined with the general reasonable doubt instruction in 2.03. Rotenberry v. State, 468 So.2d 971 (Fla.1985).
We approve the decision of the district court and answer the certified question in the affirmative.
Petitioners also urge that the inadvertent substitution of “weren’t” for “were” in giving the jury instruction on entrapment constitutes fundamental error and requires reversal. No objection to the misreading was made at trial and the issue was first raised before the district court. In the context of the total instruction on entrapment and the arguments to the jury, the error is harmless. We agree with the district court that the error is not fundamental.
The certified question is answered in the affirmative and the decision of the district court approved.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDonald and EHRLICH, JJ., concur.
ADKINS and SHAW, JJ., dissent.