473 So.2d 271 (1985)
Tim CLEMON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2499.
District Court of Appeal of Florida, Third District.
July 30, 1985.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Following an incident in which defendant Clemon allegedly assaulted a woman in her home, the state filed an information charging him with three criminal offenses. The information charged, in count I, that Clemon committed a sexual battery upon the victim and, in the process, used or threatened to use a deadly weapon, a knife; in count II, that he committed a burglary during the course of which he armed himself with a dangerous weapon, a knife, and assaulted the victim; and, in count III, that he committed a robbery upon the victim *272 while carrying a weapon, namely, a knife. A jury found Clemon guilty as charged, and the trial court imposed three concurrent sentences of life imprisonment.
On appeal, Clemon raises two issues: first, he complains of the trial court's denial of his motion for mistrial following an improper remark by the prosecutor; second, he challenges the sentence imposed for count III as exceeding the lawful maximum. We find no merit in his first point, but agree that the sentence for count III is erroneous.
With regard to the challenged prosecutorial comment[*] the record reveals that Clemon declined to accept the trial court's offer to give the jury a curative instruction. "Where the trial court has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error if any, was invited and will not warrant reversal." Sullivan v. State, 303 So.2d 632, 635 (Fla. 1974); cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); reh'g denied, 429 U.S. 873, 97 S.Ct. 190, 50 L.Ed.2d 154 (1977). Furthermore, "a motion for mistrial is addressed to the sound discretion of the trial court, Ferguson v. State, 417 So.2d 639 (Fla. 1982); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982), ... and `the power to declare a mistrial ... should be exercised with great care and ... only in cases of absolute necessity,' Salvatore v. State, 366 So.2d 745, 750 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979)." Morales v. State, 431 So.2d 648, 649 (Fla. 3d DCA 1983).
Counsel for Clemon sought a mistrial on the ground that the state's comment suggested the existence of additional evidence against Clemon which the defense wanted to exclude. Clemon's counsel rejected the court's offer of a curative instruction, maintaining that it would be impossible to formulate such an instruction. We disagree. A curative instruction would have dispelled any unfavorable implication arising from the comment. Thus, the comment cannot be considered so prejudicial as to mandate a mistrial. See Ferguson; Johnsen v. State, 332 So.2d 69 (Fla. 1976); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982). At most, in light of the other evidence presented at trial, the comment constituted harmless error. McCray v. State, 433 So.2d 5, 7 (Fla. 4th DCA 1983), approved on other grounds, 473 So.2d 203 (Fla. 1985); cf. Williamson v. State, 459 So.2d 1125 (Fla. 3d DCA 1984) (where prosecutor stated that he could have called additional witnesses to testify to defendant's guilt, error neither harmless nor curable in light of questionable identification by victims).
Next we consider the sentence imposed in count III. Section 812.13(2)(b), Florida Statutes (1981), declares that robbery with a weapon is a first degree felony, punishable by a maximum term of thirty years imprisonment. § 775.082(3)(b), Fla. Stat. (1981). A life sentence is proper only upon a finding that the perpetrator of the robbery carried a deadly weapon in the course of committing the robbery. Miller v. State, 370 So.2d 73 (Fla. 2d DCA 1979); Chapola v. State, 347 So.2d 762 (Fla. 1st DCA 1977); § 812.13(2)(a), Fla. Stat. (1981); see Sanders v. State, 386 So.2d 256 (Fla. 2d DCA 1980). In this case, neither the information nor the jury verdict referred to a deadly weapon. Thus, we are compelled to hold that the sentence was excessive and reversal is mandated. We therefore remand the cause to the trial court with *273 instructions to reduce the sentence on count III to thirty years imprisonment. Defendant Clemon need not be present for this purpose.
Affirmed in part; reversed in part; remanded.
NOTES
[*] The trial court granted a defense motion in limine and excluded as hearsay references to fingerprint standards taken by technician Zeller who was unavailable for trial. During cross-examination of technician Peterson, who had taken a second set of standards, the following exchange occurred:

Q Technician Peterson, did you obtain this set of standard fingerprints which has been marked as State's Exhibit No. 13?
MR. STEFFIN [For the State]: I object, Your Honor.
THE COURT: Overruled.
MR. STEFFIN: Judge 
THE COURT: Do you want to come side-bar?
MR. STEFFIN: Yes.
I will withdraw my objection but realizing that this opens the door to exactly what they don't want in. (emphasis supplied)