277 So.2d 587 (1973)
Oscar EVENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 72-6.
District Court of Appeal of Florida, Fourth District.
May 3, 1973.
Rehearing Denied June 6, 1973.
*589 Ray Sandstrom, Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
MAGER, Judge.
This is an appeal from a conviction for the unlawful sale of marijuana. Defendant urges reversal on three grounds which are hereinafter discussed.
The record reflects that an information was filed charging defendant with two counts of sale of marijuana. Count I refers to a sale to one Randy Trout on March 4, 1970; Count II refers to a sale to one Randy Trout occurring on April 7, 1970. The information in question was filed on August 26, 1970. On November 18, 1970, defendant filed his Offer to Furnish the State with a List of Defense Witnesses pursuant to Rule 3.220(e) (formerly Rule 1.220(e)), 33 F.S.A.; on November 23, 1970, the State filed its Response to Offer to Exchange Witnesses.
Rule 3.220(e) essentially provides that when a defendant files a written offer for the exchange of witness lists, the prosecuting attorney is required to file "a list of all witnesses known to the prosecuting attorney to have information which may be relevant to the offense charged, and to any defense of the person charged with respect thereto. ..."
Among the names contained in the State's witness list was one Randy Trout whom the record reflects was an officer with the Fort Lauderdale police department working in the narcotics division as an undercover police agent. At the trial Officer Trout testified that he was introduced to the defendant by one "Lonnie" whom Officer Trout described as a confidential informant. Testimony in the record reflects that Officer Trout and Lonnie, who had befriended the defendant, went to the defendant's apartment on March 4, 1970, at which time the sale embodied in Count I was alleged to have taken place. The testimony in the record also reflects that on April 7, 1970, Officer Trout accompanied by a white female again went to defendant's residence at which time the sale embodied in Count II was alleged to have taken place. At this latter meeting the confidential informant, Lonnie, was not present.
During the trial, defendant made a motion for discharge alternatively moving for a mistrial claiming a denial of procedural due process by reason of the State's failure to include the confidential informant Lonnie on its witness list as required by Rule 3.220(e). Defendant also made demand for the State to produce the name and present address of the informant. The trial court denied both motions which defendant assigns as one of his grounds for reversal.
At trial the defendant contended that the sales of March 4 and April 7 were the result of entrapment. Defendant was ultimately acquitted as to the charge contained in Count I and convicted as to the charge contained in Count II. Defendant urges as another ground for reversal that the acquittal as to Count I as a matter of law precluded a conviction as to Count II since the defense of entrapment was common as to both counts. Defendant also contends that the trial court erred in failing to give the defendant's requested instructions as to the defense of entrapment.
Adverting now to defendant's contention relating to the noncompliance with Rule 3.220(e), *590 we are of the opinion that the trial court's refusal to grant defendant's motions was not reversible error under the facts and circumstances of this case.
At the outset we must draw a distinction between the case sub judice and those cases where a witness whose name does not appear on a witness list has testified. A distinction must also be drawn between this case and those cases involving nondisclosure of a confidential informant. See Spataro v. State, Fla.App. 1965, 179 So.2d 873. Neither of these preceding circumstances are present here. We are concerned solely with whether the State failed to comply with Rule 3.220(e) by reason of omitting from its witness list the name of a person alleged to have information relevant to the crime and the person charged; and whether such failure constituted reversible error.
Our reading of Rule 3.220(e) indicates that upon proper application the State is required to furnish the defendant with a list of all witnesses including their addresses and whereabouts, if known, irrespective of whether such witnesses will be called to testify. The criteria for such required disclosure is knowledge by the prosecuting attorney of all witnesses having information which may be relevant to the offense charged and to any defense of the person charged with respect thereto. (The scope of Rule 3.220(e) is much broader than Rule 3.220(d).)
In the case sub judice it is clear from the testimony of Officer Trout that the confidential informant "Lonnie" introduced Trout to the defendant and arranged for the transaction that occurred on March 4. It is clear therefore that "Lonnie" was a witness having relevant information both to the offense charged and to the defense of the defendant, i.e., entrapment. The state therefore failed to comply with Rule 3.220(e) by failing to include the name and address of the confidential informant "Lonnie" in its list of witnesses furnished to the defendant prior to trial.
We are, however, of the opinion that under the facts and circumstances of this case the failure to comply with Rule 3.220(e) does not constitute reversible error. Defendant did not specifically inquire about the identity or whereabouts of "Lonnie" until the trial had already commenced on October 29, 1971, when it was clear to the defendant that as early as August 1970 he knew that he had been charged with an offense occurring on March 4, 1970, where "Lonnie" was involved; and that "Lonnie" possessed information relevant to this charge and that such information might be relevant to the defense of entrapment which pertained to both Counts I and II. Moreover, a review of the record reflects that no prejudice resulted from the State's failure to furnish the identity and location of the witness "Lonnie". Defendant was acquitted of Count I, which charge was based upon the transaction occurring March 4 when Lonnie was present; Count II related solely and exclusively to a sale made by the defendant to Officer Trout on April 7 when Lonnie was neither present nor involved (except to the extent of the entrapment defense which is treated later in this opinion). In Richardson v. State, Fla. 1971, 246 So.2d 771, 774, 775, the Supreme Court of Florida commented on the scope and intent of Rule 3.220(e), and observed, in part, as follows:
"... petitioner's contention that the State's non-compliance with the Rule entitles him, as a matter of right, to have a non-listed witness excluded from testifying, or to have a mistrial where it becomes evident during the trial that there existed a witness who probably had knowledge of facts relevant to petitioner's defense, is not tenable. The Rule was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge against him. It was never intended to furnish a defendant with a procedural device to escape justice. Yet such a result would be inescapable if the State's non-compliance with the rule necessarily *591 required the exclusion of the non-listed witnesses from testifying, or a mistrial under the circumstances just stated. See Ramirez v. State, [Fla.App., 241 So.2d 744] supra.
"On the other hand, if it is evident from the record that the non-compliance with the Rule by the State resulted in harm or prejudice to a defendant through failure to furnish the names of witnesses, and such witnesses were permitted to testify in behalf of the State, or if it should affirmatively appear that the State failed to furnish to the defendant the name of a witness known to the State to have information relevant to the offense charged against the defendant with respect thereto, and the latter situation resulted in harm or prejudice to the defendant, an appellate court reviewing his conviction must reverse. The trial court has discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances... ."
Although an adequate inquiry into all the surrounding circumstances should be made (particularly where unnamed witnesses testify) the failure to conduct such an inquiry (with respect to unnamed witnesses who do not testify) was not an essential requirement under the facts of this case particularly "where it can be affirmatively determined that no prejudice resulted". Buttler v. State, Fla.App. 1970, 238 So.2d 313. We are not unmindful of the decisions in Monserrate v. State, Fla.App. 1970, 232 So.2d 444, and State v. Jones, Fla.App. 1971, 247 So.2d 342. Those decisions are factually and legally distinguishable. In Monserrate the defendant, before trial, sought disclosure of the name of a confidential informant to whom a sale was alleged to have been made. Cf. Spataro v. State, supra. Apart from the issue of timeliness of defendant's motion in the case sub judice, the jury acquitted the defendant of Count I which was the only transaction in which Lonnie participated. In State v. Jones, supra, the court dismissed the information because of the State's failure to comply with an order requiring "necessary locational information as to witnesses". No similar request had been made by the defendant in the case sub judice until October 29, 1971, when the trial had commenced which was some 14 months after the information had been filed.
We therefore conclude that although the State failed to comply with the provisions of Rule 3.220(e), defendant's objection thereto was not timely made; and even if considered to have been timely the record demonstrates that no prejudice resulted.
We now turn to defendant's contention that inasmuch as his entire case rested upon the defense of entrapment, acquittal of Count I for a sale that occurred on March 4, precluded a conviction under Count II for a sale that occurred April 7. In essence, defendant urges that the defense of entrapment had a "spill-over" effect so that an acquittal in the first transaction gave rise to immunity from conviction in the second transaction. The defense of entrapment is in the nature of an avoidance of the charge and the burden of adducing evidence on this defense is on the accused. Koptyra v. State, Fla.App. 1965, 172 So.2d 628. Entrapment, therefore, deals with the defendant's state of mind at the time of the admitted commission of the offense or offenses; proof of this defense must be established separately for each instance where it is sought to be utilized as an avoidance of the criminal charge. Just as each transaction on March 4 and April 7 was a separate occurrence upon which separate charges were predicated and proof required to be adduced in support thereof, so, too, was the defense of entrapment limited to each circumstance to the extent that the defendant had the burden of adducing evidence on this defense as to each transaction. The State's evidence to support the crime charged under Count I cannot have a "spill-over" effect to support the *592 crime charged under Count II; likewise, the defense of entrapment to avoid the crime charged under Count I, cannot "spill over" to create an immunity against conviction or result in an acquittal for Count II.
We find support for this proposition in the recent decision of United States v. Buie, 2 Cir.1969, 407 F.2d 905, involving facts strikingly similar to the case sub judice. In Buie the court observed, at pp. 907, 908:
"... At trial Buie admitted selling quantities of marihuana without the written order form on May 8, 1967 (Count I) and May 18, 1967 (Count II), but said he had been entrapped. He testified that he had been introduced to government agents by a friend named Arlaus, and that he had been urged by Arlaus to make the illegal sales. While admitting that Arlaus was present at only the first of the two sales, Buie testified that he would not have made the second sale except for the fact that the agents claimed the friendship of Arlaus. The jury returned verdicts of not guilty on Count I and guilty on Count II.
"Contending that the jury, if properly instructed, could have found that Arlaus induced the second sale as well as the first, Buie asserts that the court erred in instructing the jury to consider each count separately. More specifically, he suggests that the jury should have been told to consider the possible effect on subsequent sales of any entrapment in connection with the first sale. Since there was no evidence linking Arlaus to the second transaction, however, we do not think that the circumstances warranted such instructions. Compare Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), where the government informer actively participated in every sale charged in the indictment. Even if we assume that Arlaus entrapped Buie into making the first sale, it does not follow that entrapment as to one transaction necessarily gives immunity as to all transactions. In any event, these instructions were not requested by the defendant. .. ."
the italicized quoted language in Buie is particularly pertinent when we consider what transpired in the case sub judice. Although the defendant predicates his reversal upon the "spill-over" effect (acquittal of Count I as precluding conviction under Count II), the record fails to reflect that defendant requested any instructions with respect to the "possible effect on subsequent sales of any entrapment in connection with the first sale". Defendant's requested instruction dealt with the defense of entrapment generally. But what is most illuminating and persuasive is the fact that the trial judge did indeed give the jury the type of instruction urged in United States v. Buie, supra, as follows:
"In the event you find that the first transaction provided herein, that is, in the information, was the result of an entrapment, and that a subsequent transaction occurred as a direct result thereof, therefore, it would also be the result of the entrapment."
The foregoing instruction, while neither requested by the defendant nor required by law, was nonetheless beneficial to the defendant and he should not now be heard to complain that the trial court improperly instructed the jury as to the theory of the case. Apart from the foregoing the trial court's instructions on the defense of entrapment were consistent with law and no error was committed; and the trial court did not err when it refused to give defendant's general instruction on entrapment.
We further conclude that entrapment as to one transaction does not give immunity as to all transactions.
The final ground which defendant urges as requiring reversal relates to the constitutionality of an amendment to the speedy trial rule promulgated by the Supreme Court of Florida. The contentions made *593 herein were substantially presented to the Third District in Kanter v. State, Fla. App. 1972, 265 So.2d 742, and were rejected. We find that the holding in the Kanter case is applicable and that defendant's contentions are without merit.
For the reasons hereinabove set forth the judgment of the trial court is affirmed.
CROSS and OWEN, JJ., concur.