450 So.2d 289 (1984)
Darrell Glen PRIESTLY, Sr., and Darrell Glen Priestly, Jr., Appellants,
v.
STATE of Florida, Appellee.
No. 82-1589.
District Court of Appeal of Florida, Fourth District.
May 2, 1984.
Rehearing Denied June 7, 1984.
*290 Alan Jay Braverman, David F. Holmes and Robert L. Bogen of Braverman & Holmes, Fort Lauderdale, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Darrell Priestly, Sr., and Darrell Priestly, Jr., appeal from judgments of guilty of trafficking in marijuana and conspiracy to traffic in marijuana and prison sentences entered pursuant to the judgments. They were convicted in a joint trial with Louis Poynter, whose conviction we reversed in Poynter v. State, 443 So.2d 219 (Fla. 4th DCA 1984), and Robin Angel and Ronald B. Nichols, whose appeal we decide in a separate opinion filed this date. Angel v. State, 450 So.2d 292 (Fla. 4th DCA 1984).
A confidential informant introduced Pennie, a business partner of Priestly, Sr., to an undercover agent, Kridos. Pennie and Priestly, Sr., agreed to buy a large quantity of marijuana from Kridos and simultaneously resell it to the persons who would receive it from Kridos. Priestly, Jr., accompanied two ultimate purchasers, Robin Angel and Louis Poynter, to the place appointed for the marijuana transfer. The three all acknowledged they were there to buy "smoke." Angel identified Priestly, Jr., as the bossman and said he was there for their protection. They cut open bales presented and checked the contents for quality and weighed selected bales. After an undercover agent wrote the weight of each selected bale on a tally sheet, Angel and Priestly, Jr., loaded seven marijuana bales into the trunk of Angel's car; and Poynter packed six marijuana bales into the trunk of his car. At the $235 per pound price that Nichols, Angel, and Poynter agreed to pay Priestly, Sr., and Pennie, the total price for the marijuana was $55,930 for the seven bales in Angel's car trunk and $46,506 for the six bales in Angel's *291 car trunk. Angel telephoned these sums to Priestly, Sr., who was waiting at his business office with Pennie, Nichols, and an undercover agent named Smith. Priestly, Sr., then gave Smith $89,380, keeping the $13,056 difference between the amount he and his partner had obligated themselves to pay Krido's group and the total purchase price Angel, Poynter, and Nichols agreed to pay Priestly, Sr., and Pennie for the marijuana. Thereupon officers entered and arrested Priestly, Sr., Pennie, and Nichols at Priestly, Sr.'s, business office. Other officers arrested Priestly, Jr., Angel, and Poynter at the scene of the transfer of the marijuana bales.
The Priestlys raise eight points on appeal, none of which demonstrates reversible error, and only some of which need discussion. One needing discussion is the argument that the circuit court's admission into evidence of a tape recording of a conversation between Pennie and Kridos over their objection was prejudicially erroneous.
During the course of the taped conversation, Pennie made statements about his and Priestly, Sr.'s, involvement in previous drug deals. These statements were clearly designed to impress Kridos with Pennie's and Priestly, Sr.'s, ability to handle a large marijuana purchase from Kridos and were calculated to induce Kridos to consumate a large marijuana transaction with Pennie and Priestly, Sr.; they were, therefore, statements made in furtherance of the conspiracy of which the defendants were found guilty. United States v. Knippenberg, 502 F.2d 1056, 1060-61 (7th Cir.1974).
Appellants contend that the admission of the tapes violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. There is no clearcut answer to the question whether a statement of a coconspirator admissible under the Federal Rules of Evidence is inadmissible because of the Confrontation Clause. See discussion in United States v. Ammar, 714 F.2d 238, 254-57 (3rd Cir.1983).
Our study of the question leads us to hold that the admission into evidence under Section 90.803(18)(e), Florida Statutes (1981), of the tape recording of Pennie's conversation with Kridos did not violate any defendant's constitutional right to confront Pennie. See United States v. Swainson, 548 F.2d 657 (6th Cir.1977), which held that the admission into evidence under the federal coconspirator rule of a tape containing a conversation between two of three conspirators did not violate the constitutional right to confrontation of the third conspirator.
We also note that, under the facts of this case, any possible error in the admission of the tape would have been harmless because a trial court commits reversible error in permitting a jury, over appropriate objection, to hear evidence that violates the Confrontation Clause only if that evidence is "devastating," or "critical," i.e. if without that evidence the prosecution could not have proved its case. Compare Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), and United States v. Fielding, supra, with McClain v. State, 411 So.2d 316 (Fla. 3d DCA 1982).
Another argument needing some discussion is appellants' contention that the state's failure to introduce into evidence the marijuana that Angel, Priestly, Jr., and Poynter packed into the trunks of the two cars was a fatal weakness in the state's case. However, appellants did not object to the non-introduction at trial, and so that non-introduction was not reversible error. G.E.G. v. State, 417 So.2d 975 (Fla. 1982). See, too, Watson v. State, 18 Md. App. 184, 306 A.2d 599 (1973), which holds that the failure to introduce the marijuana possessed is irrelevant to the validity of a conviction for possession of marijuana provided there is testimony to establish the nature of the material possessed.
The complaint that there was no proof of possession as to Priestly, Sr., is also without merit. First, proof of possession is not necessary to establish a sale. See, e.g., Runge v. State, 368 So.2d 366 *292 (Fla. 2d DCA 1979). Second, when the state proved that all the defendants participated in a conspiracy to traffic in marijuana and that Priestly, Jr., Angel, and Poynter had actual possession of the marijuana, it also proved that Priestly, Sr., had constructive possession, since each of the conspirators shares in the actual possessor's actual possession. United States v. Barrera, 486 F.2d 333 (2d Cir.1973); United States v. DeLeon, 498 F.2d 1327 (7th Cir.1974); United States v. Ramos, 666 F.2d 469 (11th Cir.1982).
The last contention requiring discussion is that the prosecutor's remark in his closing argument to the jury that those defendants who were raising the defense of entrapment would "have to show or has to be shown through evidence to you  in other words, through the State's presentation of evidence to you that they were entrapped" constituted an improper comment on the appellants' right to remain silent. That comment came in the course of lengthy discussion by the prosecutor on the defense of entrapment.
Entrapment is an affirmative defense that a defendant must prove unless the prosecution's evidence itself shows the entrapment. Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965); Evenson v. State, 277 So.2d 587 (Fla. 4th DCA 1973); 22A C.J.S., Criminal Law, § 573, pp. 319-320. The prosecutor's comment quoted above called the jury's attention to this rule; it was proper. Cf. United States v. Nasta, 398 F.2d 283 (2d Cir.1968).
For the foregoing reasons we affirm the judgments and sentences appealed from.
AFFIRMED.
DOWNEY, BERANEK and WALDEN, JJ., concur.