## CASWELL v STATE OF FLORIDA
### Case No. 86-0071AC
Seventeenth Judicial Circuit, Broward County
February 15, 1989

**APPEARANCES OF COUNSEL**

**Kayo E. Morgan,** for appellant.
Office of the State Attorney, for appellee.

### OPINION OF THE COURT

PATTI ENGLANDER HENNING, Circuit Judge.

Appellant asserts two errors in her appeal based on the trial court's alleged failure to hold a *Richardson* hearing and an impermissible argument during the State's closing argument.

Appellant was arrested July 4, 1985, and filed a standard Demand for Discovery August 6, 1985. The State responded August 8, 1985,

and amended its Answer May 16, 1986, which was six days before trial. At trial, Appellant's counsel objected to a host of alleged discovery violations, which for convenience are listed as follows: (1) late discovery of a witness, (2) failure to disclose identities of paramedics at scene, (3) failure to provide an alleged expert opinion rendered by a paramedic at the scene, (4) failure to disclose backup officers, and (5) failure to disclose statements made at an earlier Implied Consent Hearing.

After the objections were made, the trial judge ruled that no discovery violations had occurred. Consequently, there was no need to hold a *Richardson* hearing. *See, Justus v State,* 438 So.2d 358 (Fla. 1983). Moreover, absent an abuse of discretion, an appellate court will not disturb a lower court's discovery ruling and there was no abuse of discretion below. *See, United States v Watson,* 669 F.2d 174, 184 (1982). To illustrate, as to alleged violation (1), there was no violation as the Appellant was made aware of the existence of the witness before trial and had an opportunity to speak with him. *See, Holman v State,* 347 So.2d 832 (3d DCA 1977) and *Denny v State,* 404 So.2d 824 (1st DCA 1981). While there is a duty on the State to disclose material and relevant information, it is not the State's duty to actively assist the Defendant in its investigation, especially where the evidence is as accessible to the Defendant as to the State. *James v State,* 453 SO.2d 786 (Fla. 1984), *cert. denied,* 469 U.S. 1098 (1984). While the above is relevant to the remaining alleged violations, it is especially true as to the last one wherein Appellant and her counsel were present at the hearing. Also, there is no violation where there is nondisclosure of a witness "who *probably* had knowledge of facts relevant to . . . [the] defense." (emphasis in original). *See, Evenson v State,* 277 So.2d 587 (4th DCA 1973). Finally, the record indicates that there was no failure to disclose the names of the paramedic or backup officers. *See, United States v Gonzalez,* 466 F.2d 1286, 1288 (1972).

Appellant's second argument is without merit. The record clearly shows that the appellant's counsel opened the door during his closing by arguing about the absence of certain witnesses. The State's response was "well within the bounds of 'fair reply.'" *See, Whitfield v State,* 479 So.2d 208 (4th DCA 1985). Additionally, there was no error since the evidence adduced at trial was such that the comments could not have contributed to the jury's verdict.

Consequently, the Appellant's conviction is AFFIRMED.

DONE AND ORDERED, in Chambers, Fort Lauderdale, Broward County, Florida, on this 15th day of February, 1989.