580 So.2d 653 (1991)
Orlando HERRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0583.
District Court of Appeal of Florida, Fourth District.
May 8, 1991.
Order of Certification June 21, 1991.
*654 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant was convicted of trafficking in cocaine and of obstructing an officer without violence, a misdemeanor. He was sentenced to fifteen years on the felony charge and one year, to be served consecutively, on the misdemeanor. We affirm appellant's conviction but reverse the sentence.
Initially, we find no error in the trial court's instructing the jury with the relatively new standard instruction on entrapment. Krajewski v. State, 16 F.L.W. 692 (Fla. 4th DCA March 13, 1991); Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990). See also § 777.201(2), Fla. Stat. (1987); In re Standard Jury Instr. in Criminal Cases, 543 So.2d 1205 (Fla. 1989).
We also find no error as to the additional issue concerning jury selection. See, e.g., Reed v. State, 560 So.2d 203 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990).
The appellant's fifteen year sentence was a statutorily mandated minimum in excess of the sentencing guidelines. However, it was error to additionally sentence appellant outside of the guidelines by the consecutive one year sentence on the misdemeanor charge, without written reasons for departure. The scoresheet must include all offenses pending before the court for sentencing notwithstanding that the mandatory portion of the sentence takes precedence over the guideline sentence. 3.701(d)(1) and (9), Fla.R.Crim.P. A court may not disregard the guidelines as to any portion of the sentence other than to the extent otherwise authorized for the mandatory minimum portion of the sentence or a departure for written reasons.
Therefore, the sentence is reversed. In all other respects, the judgment is affirmed. We remand for resentencing.
LETTS and DELL, JJ., concur. BY ORDER OF THE COURT:

ORDER OF CERTIFICATION
ORDERED that appellant's May 13, 1991 motion for certification is granted. Recognizing that Krajewski v. State is presently pending in the Supreme Court on a certified question relevant to this appeal, we additionally certify the following question:
Do Instruction 3.04(c)(2), Florida Standard Jury Instructions in Criminal Cases, and Section 777.201(2), Florida Statutes (1989), both applicable to offenses after 1987, unconstitutionally shift the burden to the defense to prove entrapment?