594 So.2d 275 (1992)
Orlando HERRERA, Petitioner,
v.
STATE of Florida, Respondent.
No. 78290.
Supreme Court of Florida.
February 6, 1992.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
*276 Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen. and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
In Herrera v. State, 580 So.2d 653, 654 (Fla. 4th DCA 1991), the district court certified the following question as being of great public importance:
Do Instruction 3.04(c)(2), Florida Standard Jury Instructions in Criminal Cases, and Section 777.201(2), Florida Statutes (1989), both applicable to offenses after 1987, unconstitutionally shift the burden to the defense to prove entrapment?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, answer the question in the negative, and approve Herrera.
The State charged Herrera with trafficking in cocaine, conspiracy to traffic in cocaine, and obstructing an officer without violence. These charges resulted from a sting operation initiated by a confidential informant, and Herrera raised entrapment as an affirmative defense. Herrera asked the trial court to give the jury the former standard instruction on entrapment, the last paragraph of which stated: "On the issue of entrapment, the State must convince you beyond a reasonable doubt that the defendant was not entrapped." Instead, the court gave the jury the current standard instruction on entrapment, the final paragraph of which reads: "On the issue of entrapment, the defendant must prove to you by a preponderance of the evidence that his criminal conduct occurred as the result of entrapment." The jury convicted Herrera of the trafficking and obstruction charges, for which the trial court imposed consecutive fifteen- and one-year sentences, respectively. The district court affirmed the convictions, but remanded for resentencing, and certified the question set out above.
The new paragraph in the entrapment instruction is based on section 777.201, Florida Statutes (1989), which reads as follows:
(1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
(2) A person prosecuted for a crime shall be acquitted if he proves by a preponderance of the evidence that his criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.
This section is derived from chapter 87-243, section 42, Laws of Florida, and codifies, for the first time, a general entrapment defense.[1] This Court approved the new instruction for use in Florida's trial courts, but noted the instructions committee's concern over the constitutionality of the legislation and this Court's refusal to consider such an issue in nonadversarial proceedings. In re Standard Jury Instructions in Criminal Cases, 543 So.2d 1205 (Fla. 1989). The instant case squarely presents the issue for our resolution.
Herrera argues that this Court's decisions on previous versions of the entrapment instruction, e.g., State v. Wheeler, 468 So.2d 978 (Fla. 1985), demonstrate that the new instruction and subsection 777.201(2) violate the due process clauses of *277 the United States and Florida Constitutions. The State, on the other hand, contends that the instruction and statute are constitutional because they shift only the burden of persuasion of an affirmative defense, not the burden of proving the elements of the crime charged and the defendant's guilt. The two district courts that have considered this issue have agreed with the State. E.g., Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA 1991);[2]Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990), review denied, 584 So.2d 998 (Fla. 1991). We do likewise.
Entrapment is a judicially created[3] affirmative defense designed to prevent the government from contending a defendant "is guilty of a crime where the government officials are the instigators of his conduct." Sorrells v. United States, 287 U.S. 435, 452, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932).[4] To this end, "[t]he predisposition and criminal design of the defendant are relevant." Id. at 451, 53 S.Ct. at 216. If the defendant "is a person otherwise innocent whom the government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials... . common justice requires that the accused be permitted to prove it." Id. Thus, we have defined the "essential element of the defense of entrapment" as "the absence of a predisposition of the defendant to commit the offense." State v. Dickinson, 370 So.2d 762, 763 (Fla. 1979). Subsection 777.201(1) now provides that lack of predisposition is an element of the defense.
Over the years Florida courts have gone back and forth on which side must produce evidence regarding the defendant's having been entrapped.[5] Some cases hold that defendants must show entrapment by proving their lack of predisposition toward criminal activity. E.g., Priestly v. State, 450 So.2d 289 (Fla. 4th DCA 1984); Evenson v. State, 277 So.2d 587 (Fla. 4th DCA 1973); Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965). Other cases have held that the State must disprove entrapment by showing the defendant's predisposition to commit the offense. E.g., Wheeler; Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978). Subsection 777.201(2) evidences the legislature's intent that the defendant should prove entrapment instead of requiring the State to disprove it.
Entrapment is an affirmative defense and, as such, is in the nature of an avoidance of the charges.[6]Evenson. As this Court has previously stated: "An `affirmative defense' is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question." State v. Cohen, 568 So.2d 49, 51 (Fla. 1990). In considering affirmative defenses the United States Supreme Court has held that "it is normally `within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence *278 and the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due Process Clause unless `it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Patterson v. New York, 432 U.S. 197, 201-02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977) (citations omitted). The burden of proving the elements of a crime cannot be shifted to a defendant. E.g., Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). If "a State's method of allocating the burdens of proof does not lessen the State's burden to prove every element of the offense charged," however, "a defendant's constitutional rights are not violated." Walton v. Arizona, 497 U.S. 639, 110 S.Ct. 3047, 3055, 111 L.Ed.2d 511 (1990). Earlier Florida cases recognized the principles set out in these more recent Supreme Court cases. E.g., Koptyra, 172 So.2d at 632 ("While the state always has the burden of proving the guilt of accused beyond a reasonable doubt and the accused never has the burden of proving his innocence, nevertheless, the burden of adducing evidence on the defense of entrapment is on the accused unless the facts relied on otherwise appear in evidence to such an extent as to raise in the minds of the jury a reasonable doubt of guilt.")
For the first time the State, through the legislature, has decided that the burden is on defendants claiming entrapment to prove that they were entrapped. § 777.201(2). We hold that allocating this burden to a defendant is not unconstitutional. Cf. Patterson, 432 U.S. at 210, 97 S.Ct. at 2327 (the Court refused "to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused" because "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required.")
As stated earlier, the lack of predisposition to commit the crime charged is an essential element of the defense of entrapment. The predisposition to commit a crime, however, is not the same as the intent to commit that crime. As explained by the New Jersey Supreme Court in its consideration of this issue, "predisposition is not the same as mens rea. The former involves the defendant's character and criminal inclinations; the latter involves the defendant's state of mind while carrying out the allegedly criminal act." State v. Rockholt, 96 N.J. 570, 476 A.2d 1236, 1242 (1984). Requiring a defendant to show lack of predisposition does not relieve the State of its burden to prove that the defendant committed the crime charged. The standard instructions require the State to prove beyond a reasonable doubt all the elements of the crime, and we find no violation of due process in requiring defendants to bear the burden of persuading their juries that they were entrapped.
Therefore, we answer the certified question in the negative and approve the district court's decision in Herrera.[7]
It is so ordered.
SHAW, C.J. and OVERTON, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in result only with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, concurring in result only.
While I have no quarrel with the result reached by the majority in construing section 777.201, Florida Statutes (1989), I write separately to stress that the majority is concerned exclusively with the "subjective" form of entrapment. Although the majority does not note the fact, a second constitutionally-based form of entrapment exists in Florida. This second form is "objective" entrapment, which we recognized as a matter of state law in Cruz v. State, 465 So.2d 516, 520-21 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Accord State v. Glosson, 462 So.2d 1082 (Fla. 1985).
*279 Although no similar defense exists in the federal system, Justice McDonald's majority opinion in State v. Hunter, 586 So.2d 319, 322 (Fla. 1991), expressly recognized that "this objective entrapment standard includes due process considerations." The majority does not discuss the objective-entrapment analysis developed by Cruz, Glosson, and Hunter, and it thus is obvious that the majority has not attempted to address the exact nature of the burdens of proof under an objective entrapment defense.
I am somewhat surprised by the majority's failure even to mention objective entrapment. In the recent case of Traylor v. State, 1992 WL 4873, No. 70,051 (Fla. Jan. 16, 1992), Chief Justice Shaw joined in relevant part by five other members of this Court recognized the existence of the doctrine of primacy. Under primacy, state courts are required to give first consideration to state constitutional issues, and only to address analogous federal questions if no violation of the state Constitution is found.
In the present case, the majority fails even to make a perfunctory gesture at honoring its own recently announced doctrine of primacy. This is especially troubling, since petitioner raised state constitutional issues in his brief and expressly argued that his entrapment defense was based on article I, section 9 of the Florida Constitution. Certainly when state issues are properly raised and briefed, this Court has a duty and an obligation to honor its own doctrine of primacy.
I do not quarrel with the result reached by the majority only because I agree with its implicit holding that objective entrapment was not a defense available to this petitioner based on the facts at hand. In discussing objective entrapment, we previously have stated that it is not a permissible defense
where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
Cruz, 465 So.2d at 522. The emphasis of objective entrapment is on forbidding the state from prosecuting "crime" that never would have existed but for police activity engendering the offense or police conduct that otherwise overstepped the standards of permissible governmental conduct. Id. at 521. Here, I cannot agree that the crime for which petitioner was convicted was manufactured by police or was otherwise improper. The use of subterfuge is subject to definite due process limitations even in cases involving criminally predisposed defendants; but I do not agree that the limits were crossed here. This was a routine and rather unremarkable sting operation. Thus, the only possible defense available to petitioner was subjective entrapment.
On this last question, I agree with the majority that section 777.201 meets the minimum standards of the state and federal constitutions. In Florida, an affirmative defense does not concern itself with the elements of the crime, but essentially concedes them. State v. Cohen, 568 So.2d 49 (Fla. 1990). Thus, the due process requirement of proof beyond a reasonable doubt is not violated if a defendant must prove subjective entrapment by a preponderance of the evidence, as section 777.201 requires, because the State is not being relieved of its burden of proof. The statute therefore is valid, although this holding necessarily is limited solely to the statute's application to subjective entrapment. In this sense, the majority is recognizing that the relevant portion of our opinion in State v. Wheeler, 468 So.2d 978 (Fla. 1985), has been legislatively overruled by section 777.201 as Wheeler is applied to subjective entrapment.
This does not necessarily mean, however, that the same conclusions would apply to the defense of objective entrapment. As Cruz and Hunter held, objective entrapment by its very nature raises distinct due process questions. See Cruz, 465 So.2d at 521-22. Some of the preliminary considerations about objective entrapment are questions of law that must be decided by the trial court, not the jury  a situation that is quite different from subjective entrapment. *280 Moreover, we have recognized that the state bears a significant burden of proof with regard to this legal question. Id. at 520-22. Accordingly, the question of the burdens of proof applicable to objective entrapment is a far more serious issue of Florida constitutional law, and one that the majority does not address or modify today. That is as it should be, since this is not an objective entrapment case.
BARKETT, J., concurs.
NOTES
[1] Prior to enacting chapter 87-243, Laws of Florida, the legislature had done little regarding entrapment. In 1977 the legislature codified the affirmative defense of entrapment for violations of the Florida Anti-Fencing Act, sections 812.012 through 812.037. § 812.028(4), Fla. Stat. (1977). This Court found that act, including its codification of entrapment, constitutional in State v. Dickinson, 370 So.2d 762 (Fla. 1979). Before the enactment of subsection 812.028(4), the legislature had also addressed entrapment by abolishing its use in bribery prosecutions. § 838.11, Fla. Stat. (1957). Section 838.11, however, has been repealed. Ch. 59-234, § 1, Laws of Fla.
[2] In Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA 1991), the district court certified the same question that we answered in State v. Hunter, 586 So.2d 319 (Fla. 1991), and, in reviewing Krajewski, we answered that question and did not consider the issue presented in the instant case. State v. Krajewski, 589 So.2d 254 (Fla. 1991).
[3] 1 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 5.2(a) (1986).
[4] The United States Supreme Court first recognized and applied the entrapment defense in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). This Court recognized the defense shortly afterwards. E.g., Hall v. State, 144 Fla. 333, 198 So. 60 (1940).
[5] At least 40 jurisdictions have considered which side should bear the burden regarding entrapment, with slightly more than half placing it on the defendant. John H. Derrick, Annotation, Burden of Proof as to Entrapment Defense  State Cases, 52 A.L.R. 4th 775 (1987).
[6] An affirmative defense generally concedes the elements of an offense. State v. Cohen, 568 So.2d 49 (Fla. 1990). Regarding the affirmative defense of entrapment, however, we have held that "a request for an instruction on entrapment when there is evidence to support the defense should be refused only if the defendant has denied under oath the acts constituting the crime that is charged." Wilson v. State, 577 So.2d 1300, 1302 (Fla. 1991). See Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).
[7] We decline to address the second issue raised by Herrera.