594 So.2d 343 (1992)
Johnny MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00232.
District Court of Appeal of Florida, Second District.
March 4, 1992.
*344 Gerry Gordon of Gerry Gordon, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his judgment and sentence for dealing in stolen property. He argues that his conviction should be reversed based on an objective entrapment defense. We agree and reverse.
When an undercover sting operation to infiltrate organized crime in Hillsborough County proved to be unsuccessful, the authorities in charge directed officers to attempt to sell stolen beer to individuals in the area. Detective Garafalo introduced himself to the appellant, representing himself as an agent of a vending machine company. Over the ensuing months, Garafalo negotiated with the appellant and a person who had an interest in various lounges. Garafalo installed a music box and two video games at one of the lounges and made collections on a weekly basis. During one visit, he approached the appellant to sell him stolen beer. Prior to that time, Garafalo had spoken with the appellant only about vending machines and had no information relating the appellant to criminal activity, other than what an acquaintance of the appellant and a video vendor had told him.
Garafalo testified, over objection, that the acquaintance had told him the appellant was a thief. Garafalo also testified, again over objection, that the vendor told him the appellant was known to have broken into games to retrieve money. Garafalo sold the appellant beer on three occasions. The appellant was charged and convicted of dealing in stolen property.
A two-prong test determines whether entrapment has occurred. Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985); see State v. Hunter, 586 So.2d 319, 321 (Fla. 1991). The first prong asks whether the police sought to interrupt a specific ongoing criminal activity. The second prong asks whether the police used means reasonably tailored to apprehend those involved in the criminal activity. In this case, the state failed to prove the first prong of Cruz.
There was no evidence that the appellant was involved in a specific ongoing criminal activity before the police initiated the scheme to sell stolen beer to him. The statements of the acquaintance and the video game vendor are inadmissible hearsay and cannot be used to establish a reasonable suspicion of the appellant's involvement in criminal activity. Bauer v. State, 528 So.2d 6, 9 (Fla.2d DCA), cause dismissed, 531 So.2d 1355 (Fla. 1988).
We therefore reverse the appellant's judgment and sentence for dealing in stolen property.
LEHAN, A.C.J., and FRANK, J., concur.