COBB, Judge,
concurring specially.
If this case is governed by the rationale of State v. Hunter, 586 So.2d 319 (Fla.1991), then it seems to me that Jeralds was entitled, as he contends, to a judgment of acquittal. In Hunter the Florida Supreme Court, subsequent to the enactment of section 777.201, Florida Statutes (1987), reaffirmed the objective entrapment standard it adopted in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), thereby implicitly invalidating the statute pursuant to the due process clause of the Florida Constitution. See Hunter (Kogan, J., concurring in part, dissenting in part) at 325.
The Hunter rationale supports the defense of objective entrapment except where police activity interrupts “specific ongoing criminal activity.” Its focus is solely on police conduct, not on the subjective willingness or proclivity of the defendant to commit the crime; the defendant’s guilt cannot be inferentially established by the *645 alacrity with which he participates in activity created or suggested by the police.
It may very well be, as Judge Schwartz recently observed, that the opinion in Hunter is at odds with the federal courts, the other forty-nine states, the Florida Legislature, executive law enforcement, and the doctrine of separation of powers. See Lewis v. State, 597 So.2d 842 (Fla. 3d DCA 1992) (Schwartz, C.J., concurring specially). It may also be that the implications of Hunter are incompatible with standard sting operations in Florida. See Lewis, n. 1 at 844. Nevertheless, as Judge Schwartz reluctantly concedes, appellate court judges are obligated to follow the ipse dix-it of the Florida Supreme Court. If Hunter represents the current law of Florida in regard to the defense of entrapment, then the instant conviction should be reversed.
The true issue on this appeal is whether Hunter has been superseded sub silentio by Herrera v. State, 594 So.2d 275 (Fla.1992). In Herrera, the majority opinion considered the constitutionality of section 777.201(2), Fla.Stat.,[1] which was enacted in 1987 — but which was not mentioned in Hunter. Herrera was charged, inter alia, with trafficking in cocaine. The charges resulted from a sting operation initiated by a confidential informant. Herrera raised the affirmative defense of entrapment. At trial he sought a jury instruction that the burden to disprove entrapment was on the state. Instead, the trial court instructed the jury in accordance with section 777.-201(2), that the defendant carried the affirmative burden to prove entrapment.
The Herrera opinion specifically upheld the 1987 legislation against the contention that it was violative of the due process clauses of the United States and Florida Constitutions. Said the court:
As stated earlier, the lack of predisposition to commit the crime charged is an essential element of the defense of entrapment. The predisposition to commit a crime, however, is not the same as the intent to commit that crime. As explained by the New Jersey Supreme Court in its consideration of this issue, “predisposition is not the same as mens rea. The former involves the defendant’s character and criminal inclinations; the latter involves the defendant’s state of mind while carrying out the allegedly criminal act.” State v. Rockholt, 96 N.J. 570, 476 A.2d 1236, 1242 (1984). Requiring a defendant to show lack of predisposition does not relieve the State of its burden to prove that the defendant committed the crime charged. The standard instructions require the State to prove beyond a reasonable doubt all the elements of the crime, and we find no violation of due process in requiring defendants to bear the burden of persuading their juries that they were entrapped.
Herrera at 278.
Justice Kogan’s special concurrence lamented the majority’s failure to discuss, or even mention, the objective entrapment analysis developed in Cruz, Glosson,[2] and Hunter. The concurrence attempted to limit the majority opinion to subjective entrapment only, but succeeded in picking up only one supporting vote for this view. Apparently, five members of the court were unwilling to draw the objective-subjective dichotomy urged by the concurring opinion, and Herrera’s conviction, affirmed by the district court,[3] was approved. Logic compels the conclusion that if Hunter involved the issue of objective entrapment, so, then, did Herrera, since the latter case arose from a sting operation initiated by law enforcement. Based on Herrera, I concur in the affirmance of Jerald’s conviction.

.Section 777.201(2), Florida Statutes (1987) reads:
(2) A person prosecuted for a crime shall be acquitted if he proves by a preponderance of the evidence that his criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.

. State v. Glosson, 462 So.2d 1082 (Fla.1985).

. Herrera v. State, 580 So.2d 653 (Fla. 4th DCA 1991), aff'd, 594 So.2d 275 (Fla.1992).