PATTERSON, Judge.
On remand from the supreme court, see State v. Morales, 630 So.2d 533 (Fla.1993), we reconsider our prior decision in Morales v. State, 594 So.2d 343 (Fla. 2d DCA 1992). In Morales, we applied the objective entrapment standard enounced in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), and held that Morales had been entrapped as a matter of law. After we rendered our opinion, the supreme court in Munoz v. State, 629 So.2d 90 (Fla.1993), held that the objective test for entrapment set forth in Cruz had been eliminated by the legislative enactment of section 777.201, Florida Statutes (1987). We now reevaluate this case under the subjective standard in section 777.201, as interpreted in Munoz.
In Munoz, the court explained the subjective test of entrapment as follows:
The first question to be addressed under the subjective test is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof_ If the first question is answered affirmatively, then a second question arises as to whether the accused was predisposed to commit the offense charged_ On this second question, according to our decision in Herrera, the defendant initially has the burden to establish lack of predisposition_ [T]he burden then shifts to the prosecution to rebut this evidence beyond a reasonable doubt.
Munoz, 629 So.2d at 99. In this case, Morales established the first prong of the test, that the government induced him to commit the crime, through the testimony of the state’s witnesses. The second prong of the test, predisposition, however, requires proof of the defendant’s state of mind while carrying out the crime. Herrera v. State, 594 So.2d 275 (Fla.1992). Because Morales did not testify, no proof was adduced concerning his state of mind, as Munoz requires.[1]
Based on the law in effect at the time of Morales’ trial, see Bowser v. State, 555 So.2d 879 (Fla. 2d DCA 1989), neither the state nor the defense could have anticipated the need to satisfy the evidentiary requirements of Munoz. We therefore reverse and remand for a new trial.[2]
FRANK, C.J., and ALTENBERND,[3] J., concur.

. The court in Munoz reaffirmed that entrapment can occur regardless of the defendant’s predisposition if the conduct of the government agents is so egregious as to rise to the level of a violation of the defendant's due process rights under article I, section 9 of the Florida Constitution. See also State v. Williams, 623 So.2d 462 (Fla.1993). Under such circumstances, the defendant's testimony may not be necessary because state of mind is not a required element of the defense. The actions of the government agents in this case, as demonstrated by the record, do not rise to the level of a constitutional infringement.

. Although section 777.201 directs that the issue of entrapment be submitted to the trier of fact,
if the factual circumstances of a case are not in dispute, if the accused establishes that the government induced the accused to commit the offense charged, and if the State is unable to demonstrate sufficient evidence of predisposition prior to and independent of the government conduct at issue, then the trial judge has the authority to rule on the issue of predisposition as a matter of law because no factual "question of predisposition" is at issue.
Munoz, 629 So.2d at 100.