PATTERSON, Judge.
The state appeals from the dismissal of charges against attorney Paul Carr for dealing in stolen property. After the trial court dismissed the charges upon finding objective entrapment under Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), the Florida Supreme Court held that the legislature eliminated the Cruz test when it enacted section 777.201, Florida Statutes (1987). Munoz v. State, 629 So.2d 90 (Fla.1993). Based on Munoz, we reverse and remand for further proceedings.
Carr contends that the trial court’s factual findings nevertheless support the dismissal under the subjective test of section 777.201 and as a due process violation. In a sting operation targeting Carr, an informant in jail on pending charges requested that attorney Carr represent him in return for stolen property. Law enforcement’s conduct in the sting operation was not so outrageous as to constitute a due process violation under article I, section 9 of the Florida Constitution. Cf. State v. Williams, 623 So.2d 462 (Fla.1993) (outrageous conduct for sheriffs office to manufacture crack cocaine for use in reverse sting operation); State v. Glosson, 462 So.2d 1082, 1085 (Fla.1985) (outrageous conduct for informant to receive “contingent fee conditioned on cooperation and testimony in the criminal prosecution when that testimony is critical to a successful prosecution”).
As to the subjective entrapment test, in Munoz the court interpreted section 777.-201, Florida Statutes (1987), as follows:
The first question to be addressed under the subjective test is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof- If the first question is answered affirmatively, then a second question arises as to whether the accused was predisposed to commit the offense charged_ On this second question, according to our decision in Herrera, the defendant initially has the burden to establish lack of predisposition_ [T]he bur *59 den then shifts to the prosecution to rebut this evidence beyond a reasonable doubt.
Munoz, 629 So.2d at 99. Here, the government’s informant obviously induced Carr to commit the crimes when he asked Carr to take stolen property in return for representation. Because the trial court was following the objective test in Cruz, the parties and the court did not address predisposition, the second prong of the subjective test, which requires proof of the defendant’s state of mind at the time of the offense. See Herrera v. State, 594 So.2d 275 (Fla.1992). Neither the state nor the defense could have anticipated the need to satisfy the Munoz requirements at the hearing on the motion to dismiss. See Morales v. State, 1994 WL 382086, 19 Fla.L.Weekly D1572 (Fla. 2d DCA July 20, 1994).
Thus, we reverse the dismissal of charges against Carr based on the objective test and remand for further proceedings to address the subjective entrapment test, in accordance with Munoz.
Reversed and remanded.
THREADGILL, A.C.J., and FULMER, J., concur.