PER CURIAM.
White appeals from the sentence imposed after revocation of probation. We reverse on two of the three issues raised by the appellant. First, the sentence exceeds the maximum one cell bump-up permitted for a violation of probation. Williams v. State, 594 So.2d 278 (Fla.1992). Second, in State v. Summers, 642 So.2d 742, 744 (Fla.1994), the supreme court held that when probation is revoked,
credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.
In the instant ease, appellant’s probation was revoked on counts II and III, and he was given new concurrent fifteen-year probationary periods for the two second degree felonies, which are punishable for a maximum of fifteen years each. Appellant, however, was not given any credit for time already spent on probation on these counts. We remand for resentencing and correction of the probationary terms in accordance with this opinion.
ERVIN, MINER and WOLF, JJ., concur.